UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASYAM SAMUEL RAJASEKHAR,
    *Plaintiff*,

    v.                                          No. 3:20-cv-00576 (VAB)

ENVIRONMENTAL DATA RESOURCES,
INC.,
    *Defendant.*

**ORDER ON PLAINTIFF'S OBJECTIONS TO THE COURT'S ADOPTION OF THE
RECOMMENDED RULING**

On October 2, 2020, Mr. Rajasekhar filed objections to the Recommended Ruling

adopted by this Court on August 17, 2020. Objections to Recommended Ruling, ECF No. 26

(Oct. 2, 2020) ("Pl.'s Object.").

Because Rajasekhar is *pro se*, to the extent that these objections can be construed as a

motion to reopen the case, the Court will review them under that standard.

For the reasons discussed below, Mr. Rajasekhar's objections are overruled, and to the

extent that they are construed as a motion to reopen this case, they are **DENIED**.

## I.   BACKGROUND

On April 28, 2020, Dasyam Rajasekhar ("Plaintiff") filed a Complaint against

Environmental Data Resources, Inc. ("Defendant") claiming wrongful discharge and retaliation.

Compl., ECF No. 1 at 1–2 (Apr. 28, 2020).  Proceeding *pro se*, Mr. Rajasekhar sought

permission to file *in forma pauperis*. Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2

(Apr. 28, 2020). This Court referred Mr. Rajasekhar's case to Magistrate Judge Farrish to

conduct the requisite inquiries into the plaintiff's ability to pay, *see* 28 U.S.C. § 1915(a), and the

1

merits of the claim, *see* 28 U.S.C. § 1915(e)(2)(B). Order Referring Case, ECF No. 17 (July 14, 2020).

On July 27, 2020, Judge Farrish submitted a recommended ruling, recommending that the Complaint be dismissed and the motion for leave to proceed *in forma pauperis* be denied as moot. Recommended Ruling, ECF No. 18 (July 27, 2020). As discussed in greater depth in the recommend ruling, Judge Farrish recommended that Mr. Rajasekhar's Complaint be dismissed because (1) the claims in the cases had already been litigated and thus, were barred by the doctrine of *res judicata*; and (2) the Complaint failed to state a claim on which relief may be granted. *Id.* at 2. Judge Farrish also recommended that Mr. Rajasekhar not be given leave to amend his Complaint. *Id.* The Recommended Ruling stated that any objections should be filed by August 10, 2020. *See id.* at 14.

On August 17, 2020, the Court adopted the recommended ruling, noting that Mr. Rajasekhar failed to (1) file objections and (2) update his address as required by the Local Rules. Order Adopting Recommended Ruling, ECF No. 20 (Aug. 17, 2020) ("Because Plaintiff did not file any timely objections or provide the Clerk of the Court with an address where Court orders and rulings could be mailed, the Court adopts the Recommended Ruling."). On August 31, 2020, the Court directed the Clerk of the Court to close the case. Order, ECF No. 21 (Aug. 31, 2020).

On October 2, 2020, Mr. Rajasekhar filed objections to the Recommended Ruling, asserting that he provided an updated address. Objections to Recommended Ruling, ECF No. 26 (Oct. 2, 2020) ("Pl.'s Object."). He alleges, "I updated my address change (due to COVID-19) and instructed the Clerk of Court to note the change of address. Obviously, that never happened. I don't know if there was an error on my part or someone dropped the ball (more likely)." *Id.* at 1. Mr. Rajasekhar also argues that "[t]he delay for objections should be overturned since the

Clerk of the Court mailed these copies to me including the envelope to the wrong address." *Id.* at 1–2.

## II.     STANDARD OF REVIEW

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "fraud, misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). "The decision as to whether relief should be granted under Rule 60(b) is committed to the sound discretion of the Court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

Rule 60(b) provides extraordinary relief, and a motion under Rule 60 should be granted only if the moving party demonstrates "exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1993); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (Rule 60(b) provides "a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (alteration in original) (internal citations omitted)). The Court, however, may assess a *pro se* party's motion under Rule 60(b) using "a lesser standard than [a motion] drafted by lawyers," as it would assess any *pro se* pleading. *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)

## III.    DISCUSSION

The determination of whether a party's neglect is "excusable" under Rule 60(b)(1) is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it

was within the reasonable control of the movant, and whether the movant acted in good

faith." *Id.* Ordinarily, ignorance of the rules or mistakes construing the rules do not constitute

"excusable" neglect. *Id.* at 392. However, "neglect may be excusable where the language of a

rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists

between two rules." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir.

1997).

Rule 60(b)(3) allows for relief from judgment when the movant presents evidence of

"fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party." Fed. R. Civ. P. 60(b)(3); *see Matura*, 189 F.R.D. at 89. "To prevail on

a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented [him]

from fully and fairly representing his case." *State St. Bank & Trust Co. v. Inversiones Errazuriz

Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted).

"However, a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of

material misrepresentations and cannot serve as an attempt to relitigate the merits [of the

underlying decision]." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Mr. Rajasekhar has presented no evidence of "fraud, misrepresentation, or other

misconduct" that would "prevent" him "from fully and fairly representing his case," so any

motion under Rule 60(b)(3) fails. As for Rule 60(b)(1), Mr. Rajasekhar cannot claim excusable

neglect because the Local Rules are unambiguous as to his responsibility to update his address in

a timely manner. *See Canfield*, 127 F.3d at 250 (holding that "failure to follow the clear dictates

of a court rule will generally not constitute such excusable neglect"). Moreover, the delay was

significant, and Mr. Rajasekhar does not provide an adequate justification for the delay. *See*

*Pioneer,* 507 U.S. at 395 (listing "length of the delay" and "the reason for the delay" as factors in determining whether neglect is excusable).

The Local Rules state that "[a]ny self-represented party must provide an address where service can be made upon such party." D. Conn. L. Civ. R. 83.1(c)(2). Although Mr. Rajasekhar states that "[o]n July []6, 2020, [he] filed for a [m]otion to [c]ompel the defendant to provide documents per Judge's requirement," Pl.'s Object at 1, he does not indicate when and how he allegedly updated the Court with his new address. On September 1, 2020, the first notice of a change of address was filed on the docket with an enveloped post marked on August 28, 2020. Notice of Change of Address, ECF No. 24-1 (Sept. 1, 2020). This occurred after multiple envelopes mailed to Mr. Rajasekhar by the Clerk's office were returned. *See* Order Adopting Recommended Ruling (noting envelopes sent to Mr. Rajasekhar "were returned, marked Return to Sender"). Mr. Rajasekhar thus failed to notify the Court of changes to his address before the adoption of the Recommended Ruling.

Accordingly, Mr. Rajasekhar's objections are untimely and his arguments regarding exceptions for his delay are unavailing under Rule 60(b)(1). *Cf. Ortiz v. Bridgeport Police Dep't*, No. 3:14-cv-01614 (CSH), 2017 WL 2818980, at *3, n. 3 (D. Conn. June 29, 2017) (noting that the failure of a *pro se* plaintiff to update her address was grounds for dismissal for "failure to comply with court rules").

In any event, to the extent Mr. Rajasekhar objects on the ground that his claims are meritorious, these objections also fail. Mr. Rajasekhar has not presented any evidence or legal arguments to address the well-reasoned Recommended Ruling. Nor could he. Even with the generous pleading standards given to *pro se* litigants, Mr. Rajasekhar did not present any viable claims in his Complaint.

As Judge Farrish explains, "Mr. Rajasekhar's [wrongful discharge claim] is barred by the doctrine of *res judicata*," because in a prior lawsuit, *Rajasekhar v. Envtl. Data Res., Inc.*, No. 3:18-cv-01535 (JAM), 2019 WL 2743579 (D. Conn. Jul. 1, 2019), Mr. Rajasekhar already received a (1) final judgement, (2) as the plaintiff, for a case involving (3) the same claim and operative facts as raised in the instant case. Recommended Ruling at 8–9 (applying Mr. Rajasekhar's facts to the three elements of the doctrine of *res judicata*: "(1) the prior action was adjudicated on the merits; (2) the prior action involved the same plaintiff or 'those in privity with' him; and (3) the claims raised in the subsequent case 'were, or could have been, raised in the prior action.'" (citing *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000))). Further, "Mr. Rajasekhar's Complaint . . . fails to state a plausible discrimination or retaliation claim." *Id.* at 10. "[T]he discrimination claim fails because there are no factual allegations that Mr. Rajasekhar's termination was motivated 'at least in part for a discriminatory reason.'" *Id.* at 11 (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)). "The retaliation claim fails because Mr. Rajasekhar does not allege he engaged in a 'protected activity' or that he 'opposed any unlawful employment practice.'" *Id.* (citing *Vega,* 801 F.3d at 90.).

Accordingly, Mr. Rajasekhar's objections are overruled, and to the extent they constitute a motion to reopen this case, that motion will be denied. This case shall remain closed. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

## IV.    CONCLUSION

For the reasons stated above, Mr. Rajasekhar's objections are overruled, and to the extent

that they can be construed as a motion to reopen this case, they are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of November, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE